DAVIDSON v. FOLLETT.

1. Estoppel: IN PAIS: FAILURE TO DISCLOSE LIENS. An agent of the owner of real estate met a person holding liens and incumbrances thereon, for the purpose of paying and discharging the same. The agent asked for an exhibit of all liens and claims held by the creditor against the land, and was informed by the latter that he had none other than those exhibited. These were paid by the agent who again inquired if all liens were settled, and received an answer in the affirmative. The creditor at the time of this settlement held a certificate of tax sale, which he did not exhibit, and upon which he subsequently obtained a tax deed for the land. *Held*, that he was estopped by the facts connected with the settlement, from asserting title under this deed.

2. —— It was further *held*, that, whether the owner or his agent in fact knew that the taxes were unpaid for the year for which the land was sold, was immaterial, as under the circumstances the creditor was bound to disclose this lien, and if he did not, he would be concluded from afterward setting it up.

*Appeal from Clinton District Court.*

THURSDAY, JUNE 10.

THIS controversy involves the title to 240 acres of land. It is admitted that plaintiff owned the land before and at

Davidson v. Follett.

the time defendant obtained the tax title upon which he relies. The taxes thereon were delinquent for the year 1863; and in October (3), 1864, said lands were sold therefor and purchased by defendant. In October, 1867, he obtained his deed. The petition claims that soon after the purchase (October 21, 1864) certain negotiations were entered into which resulted in the settlement of certain mortgage liens and other incumbrances on said lands, owned and controlled by defendant and his wife (the wife acting in her capacity as guardian for her children by a former *marriage*), whereby these taxes, and all tax liens held by both were settled and released. This is denied by defendant; he claiming that this settlement related to other liens, and that this tax purchase was expressly excepted therefrom. The issue thus made presents the real point of the case. Judgment for plaintiff, and defendant appeals.

*M. H. Tyrrell* and *John N. Rogers* for the appellant.

*Cook & Drury* for the appellee.

WRIGHT, J. — The petition is not for the specific performance of a contract to convey an interest in land.

**1. ESTOPPEL:** in pais: failure to disclose liens. The statute of frauds has therefore nothing to do with the case. In substance, the claim is, that defendant is in equity estopped from setting up or relying upon his tax deed, and that it should therefore be set aside, being, as it stands, a cloud upon plaintiff's title. The express charge is, that, notwithstanding the negotiations and settlement, the defendant fraudulently retained the certificate (of purchase at the tax sale) and procured a deed, which, being of record, is a cloud upon plaintiff's title and a fraud upon her rights.

Davidson v. Follett.

That plaintiff's purpose and intention was to remove all liens upon the land, we entertain no doubt; and that defendant should not, under the circumstances, be allowed to hold this deed; and that, upon every fair and equitable principle, the court was right in ordering it set aside, we are equally clear.

If any thing is clear, or can be, it is that plaintiff's agent, at the time of the settlement, asked for and desired an exhibition of all liens, that they might be met and discharged. By two disinterested and unimpeachable witnesses it is expressly established that defendant, more than once, stated that he had no other claims; that all the liens held by him were removed. It is true, he says in his testimony, that this particular tax lien was expressly excepted. In this, however, he is not corroborated. All the positive testimony, as well as the undisputed facts, are against him. Thus, the agent or attorney conducting the negotiation had money sent to him by his client, who resided at a distance, to clear the title of all incumbrance. The land was worth from $10 to $12 per acre, or, say $2,500; to redeem this, with other land—all constituting the one farm—there was paid on the day named (Oct. 21, 1864) over $5,800; of which defendant received over $600, upon liens claimed in his own right. This tax lien then amounted to not more than $40 to $45; and certainly nothing could be more unreasonable than that the parties should designedly, and without any well developed motive or purpose, have left unsettled a claim and lien so small. They were all together; they met for the purpose of settling these claims; plaintiff's attorney asked for all; the defendant said then (as the testimony, we think, establishes), that he had *none* other; this, too, he said afterward in the presence of another witness, when again appealed to by plaintiff's attorney to know if all liens were settled; and it certainly

would be a great wrong to now allow defendant to retain a title obtained either by mistake or fraud. And in this view it is not material whether the full amount necessary to redeem was paid or not. For if, by defendant's mistake or fraud and especially without fault on the part of plaintiff or her agent, there was in fact a failure to pay sufficient to cover this with other liens, and yet, if plaintiff believed she was paying it, and would have paid it but for such fraud or mistake, defendant cannot, and will not in equity be allowed to, assert this title. And this proposition would be true whether applied to mortgage, judgment, tax or other liens or incumbrances. It is founded in reason, is self evident, and so well supported as to only need statement to meet approval. (See, however, *Barber* v. *Lyon*, 15 Iowa, 37, and cases there cited; also generally on the question involved, *Pickard* v. *Sears*, 6 A. & E. 469; *Hawes* v. *Marchant*, 1 Curtis, 136; Story's Eq. Jur. § 146.)

It is of but little moment whether plaintiff or her agent did or did not in fact know that the taxes were unpaid for the year 1863. Under the circumstances, defendant was bound to disclose this lien. If he did not, he is concluded from afterward setting it up. He was in a situation which compelled him to speak, and if he remained silent he must suffer the consequences. It would violate the plainest principles of equity to say that, though called upon to exhibit all his liens, though he met the debtor and holder of the title to receive what was his due and assist in settling all incumbrances, he could protect himself because the plaintiff knew that these taxes were unpaid.

A. stands by and sees B. purchase an estate of C., upon which he knows he has a lien, and encourages the purchase, knowing that B. is ignorant of the lien, that he pays a full price, and yet afterward protects himself, or

seeks to, upon the ground that his deed was *recorded*, and the purchaser was bound to take notice of it. To strike off just such fraudulent heads as this, is the especial office and work of estoppel. And the more of these found in the judicial basket the better for the integrity of the law and administration of justice.

Defendant stands by his title. The object of the petition is to set aside the deed. This was properly ordered. Whether defendant actually received a sum sufficient to cover this lien with others, may admit of much doubt. Indeed, we confess that we incline to the opinion that he did not. But this was no fault of plaintiff; she had a right to have the deed set aside without conditions; and especially as there is no claim, by defendant in his pleadings or in any stage of the case, until in the argument here, that this sum should be repaid before depriving defendant of his title.

The judgment below will be affirmed, but without prejudice to defendant's right to recover the sum so advanced, if in any action brought therefor he shall show himself entitled to it.

Affirmed.